**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SONIX MEDICAL RESOURCES, INC. et al., | : | Case No. 8-09-77781 (DTE) |
| | : | |
| Debtors. | : | |
| | : | (Jointly Administered) |
| | : | |
| HITACHI CAPITAL AMERICA CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -v- | : | Adversary Case No. 8:09-8622-478 |
| | : | |
| SONIX MEDICAL RESOURCES, INC., | : | |
| SONIX MANAGEMENT RESOURCES, INC., | : | |
| BRICK RESOURCES, INC., CHATHAM | : | |
| MEDICAL RESOURCES, INC., STONY | : | |
| ACQUISITIONS, INC., CHATMONHAD | : | **JOINT PRELIMINARY PRE-** |
| RESOURCES, INC., ENGLEWOOD | : | **CONFERENCE STATEMENT** |
| RESOURCES, INC., BROOKLYN 49TH STREET | : | |
| RESOURCES, INC., MRI RESOURCES, INC., | : | |
| QKSI RESOURCES, INC., AND TOMS RIVER | : | |
| RESOURCES, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PRELIMINARY PRE-CONFERENCE STATEMENT**

Plaintiff Hitachi Capital America Corporation ("HCAC"), by and through its undersigned counsel, Klehr Harrison Harvey Branzburg, LLP, jointly with the above-captioned defendants (the "Defendants"), by and through their undersigned counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., in accordance with the Court's Standing Pre-Trial Conference Order issued January 5, 2010, hereby file this Joint Preliminary Preconference Statement and

1

respectfully represent as follows:

**1. A concise statement of the nature of this action.**

Through this proceedings HCAC is seeking a declaration from the Court that the cash receipts from services provided at the Tristate Premises are (i) not property of the Defendants' estates, and (ii) are encumbered by HCAC's valid perfected liens. In addition HCAC seeks the imposition of a constructive trust upon all funds identified in the possession of the Defendants that represent cash receipts from services performed at the TriState Premises, or which are otherwise encumbered by HCAC's liens, and a preliminary and permanent injunction enjoining the Defendants from spending, transferring, using or commingling the cash collections representing the proceeds of services performed at the TriState Premises with the Defendants' funds and a declaration that the Amended Services Agreement[1] is null and void as to Tristate.

The Defendants have answered HCAC's complaint and denied any liability owing to HCAC, and likewise denied that the cash receipts are encumbered by any lien in favor of HCAC. The Defendants also raise several affirmative defenses in their answer including failure to state a claim upon which relief may be granted, lack of standing, failure to join an indispensable party, waiver, estoppel, that HCAC is barred from the requested relief to the extent HCAC has adequate remedies at law and is therefore not entitled to equitable relief, and unclean hands.

**2. A separate brief description of all legal arguments. Include citations to all statutes, Bankruptcy Code Sections, Bankruptcy Rules and case law intended to be relied on by each party.**

**Summary of Plaintiff's legal arguments:**

Plaintiff reserves the right to amend or modify these issues as a result of discovery in this action. A more developed statement of legal arguments will be set forth in the pre-trial order and trial briefs to be submitted in this matter.

---

[1] All defined terms referenced herein shall have the meaning ascribed to them in the Adversary Complaint.

i)  NJDIT is acting as TriState's agent with respect to providing the services at the TriState Premises.

ii) Pursuant to Section 9-203(a) of the Uniform Commercial Code, HCAC's lien attaches to all cash receipts generated at the TriState Premises under the Amended Services Agreement. As a result, the cash proceeds transferred to Brick under the Amended Services Agreement are encumbered by HCAC's valid and perfected liens.

iii) If the Court finds that TriState has no interests in any property arising from NJDIT's performance of the Amended Services Agreement, the Amended Services Agreement is a fraudulent transfer of TriState's assets since TriState receives no consideration in return for the conveyances provided in the agreement. The Amended Services Agreement is, therefore, either a fraudulent transfer under New Jersey law (NJSA 25: 2-29) or a fraudulent conveyance under New York law, depending upon which state's laws apply to these transfers. (N.Y. Debt & Cred. Law § 273 (McKinney 2001, Supp. 2009)).

iv) HCAC will suffer irreparable injury if equitable relief is not granted to enjoin the continued dissipation of HCAC's collateral and/or the continued fraudulent conveyance of TriState's assets.

v) Alternatively, HCAC is an intended third party beneficiary of the Amended Services Agreement and, therefore, Brick should be required to satisfy all of TriState's obligations to HCAC under the TriState Master Lease and the Assumption Agreement.

**Summary of Defendants' legal arguments:**

Defendant reserves the right to amend or modify these issues as a result of discovery in this action. A more developed statement of legal arguments will be set forth in the pre-trial order and trial briefs to be submitted in this matter.

At this preliminary stage, Defendants believe the legal arguments include:

i)  The status of NJDIT and its business activities pursuant to the Amended Service Agreement with the Debtors. The Debtors do not believe that the facts will show that NJDIT, a group of practicing physicians, are agents of the Debtors or Tristate as NJDIT is not subject to the control of either entity.

ii) Whether HCAC has any rights to the fees paid by NJDIT to the Debtors under the Amended Service Agreement. The Debtors believe that HCAC a stranger to the agreement between NJDIT and Brick and, at best, HCAC may have claims against Tristate with respect to the reasonable value of certain equipment leased to Tristate. Similarly, the Debtors assert that Tristate and not HCAC, at best, may hold claims against Brick Resources Inc. and that such claims could be unsecured claims in the Brick Resources chapter 11 case.

3

iii) Assuming, arguendo, that there is a transfer of property from Tristate to the Debtors arising from the performance of the Amended Services Agreement (which the Debtors deny), whether the claims potentially held by Tristate against Brick Resources, Inc. are adequate consideration for such transfers. The Debtors assert that such claims are adequate consideration.

iv) Whether HCAC has standing to assert claims directly against the Debtors where there is no contractual relationship between the parties. The Debtors assert that HCAC's rights are only against Tristate as a creditor of Tristate.

v) HCAC's claims against Tristate negate the existence of an irreparable injury to HCAC. HCAC's injury is not irreparable simply because the party to a contract with it may be insolvent.

vi) Whether the facts show that the agreement between Tristate and HCAC should be recharacterized as a joint venture between Tristate and HCAC.

**3.    A brief summary of the relevant facts not in dispute.**

A brief summary of the facts known to HCAC at the time of the filing of the Complaint are set forth in paragraphs 5 through 31 of the Complaint, however as reflected in the Defendants' answer many of the facts are disputed. Of the facts set forth in the Complaint, the following facts are not in dispute:

i) The Defendants' addresses and principal places of business are not in dispute nor is each Defendant's status as a chapter 11 debtor. (*See* Answer ¶ 6-16).

ii) The Defendants' are funding their post-petition operations pursuant to the cash collateral orders entered to date by this Court. (*See* Answer ¶ 17).

iii) The Defendants and Brick Resources, Inc. are parties to the Services Agreement dated October 31, 2006. (*See* Answer ¶ 22-23).

iv) The Defendants, Brick Resources Inc. and Tristate are each parties to the Second Amended Services Agreement dated July 30, 2008. (*See* Answer ¶ 24).

**4.    A precise statement of facts in dispute (include jurisdiction, if applicable).**

Based upon Defendants' answer, the following facts are in dispute:

i) The agreements to which Defendants are parties and the meaning thereof.

ii) The amounts owed on the agreements between the parties.

4

iii) The extent of HCAC's liens on cash receipts generated from the TriState Premises.

iv) The nature of the relationship between Brick and TriState.

v) The meaning of the Services Agreement.

vi) The amount of funds that have been transferred from TriState to the Debtors.

**5. Identify and briefly describe all legal and factual issues to be decided by the court.**

Plaintiff's summary of factual and legal issues to be decided by the Court:

Subject to further amendment or modification as a result of discovery in this proceeding, the legal and factual issues to be decided by the Court include all of the following:

i) The factual disputes described in section 4 above.

ii) The insolvency of TriState and Brick.

iii) Whether TriState received reasonably equivalent value or fair consideration on account of the transfers provided under Amended Services Agreement.

iv) The nature of the relationship between Brick and the other Debtors and their principals.

v) An accounting of the cash transferred by NJDIT to Brick on account of services that NJDIT performed at the TriState Premises.

vi) An accounting of the cash transferred by Brick to other Debtors on account of services that NJDIT performed at the TriState Premises.

vii) Whether HCAC possesses valid and perfected liens on cash collected by NJDIT from services performed at the TriState Premises.

viii) Whether the Amended Services Agreement represents an ongoing fraudulent conveyance or fraudulent transfer of TriState's assets.

ix) Whether HCAC is an intended third-party beneficiary of the Amended Services Agreement.

x) Whether HCAC is entitled to preliminary or permanent injunctive relief.

xi) Whether HCAC is entitled to a constructive trust over any assets in the possession of Defendants.

5

Defendants' summary of factual and legal issues to be decided by the Court:

Subject to further amendment or modification as a result of discovery in this proceeding, the legal issues to be decided by the Court include all of the matters identified in items 2, 4 and 5 above and the following:

i) Whether the performance of services by NJDIT and the payment of fees under the Amended Services Agreement results in the transfer of any property by Tristate to any of the Defendants which property is subject to the liens asserted by HCAC against Tristate.

ii) Whether the elements of a third party beneficiary relationship exist between HCAC and any of the Debtors by virtue of the Amended Services Agreement.

iii) Whether, based upon the facts found by the Court, the elements of a constructive trust can be demonstrated.

iv) Whether HCAC, as an alleged creditor of Tristate, has any right to an accounting of funds paid by NJDIT to Brick Resources, Inc, under the Amended Services Agreement or otherwise.

**6. A statement of anticipated discovery requirements.**

HCAC has sought injunctive relief and therefore Plaintiff will seek an expedited discovery schedule if necessary. The Defendants deny that there is any basis for expedited discovery. Defendants proposed a preliminary factual discovery deadline of one hundred eighty days.

**7. A proposed discovery schedule and date of completion.**

Plaintiff also intends to request the entry of a preliminary injunction, which Plaintiff will request be heard on an expedited basis. The Defendants deny that there is any basis for expedited discovery and will opposed any such request.

**8. An estimate as to length of trial.**

The parties estimate the length of trial to be 4 days.

**9. Preliminarily set forth the number of witnesses to be called by each party and a list of exhibits to be introduced into evidence.**

The parties have not yet determined the number of witnesses each will need to call to present its case. Plaintiff's preliminary estimate of the number of witnesses is 5. Defendants' preliminary estimate of the number of witnesses is unknown at this time and will be determined after the close of discovery.

**10. Identify each witness to be called and identify to which disputed issues of fact such witnesses' testimony will be directed.**

The parties have not yet determined the identity of witnesses each will need to call to present its case.

**11. A statement as to whether any attempts have been made at resolving any of the issues in dispute and any results of such attempts.**

The parties have had discussions about resolving some of the issues raised in the complaint. To date, the parties have been unable to resolve the issues in dispute herein.

This Joint Pre-Trial Conference Statement is intended to satisfy the requirement set forth in the Court's Standing Pre-Trial Conference Order for use during the first Pre-Trial Conference which is currently scheduled for **March 2, 2010 at 2:00 P.M.**.

        KLEHR, HARRISON, HARVEY,
        BRANZBURG & ELLERS LLP

        By: /s/ *Richard M. Beck*
           Richard M. Beck, Esquire (RMB8242)
           Kathryn F. Evans, Esquire (KFE6573)
           1835 Market Street, Ste. 1400
           Philadelphia, PA 19103
           (215) 568-6060

Attorneys for Hitachi Capital America Corp.

ROBINSON BROG LEINWWAND GREENE
GENOVESE & GLUCK P.C.

By: */s/ Fred B. Ringel*
    Fred B. Ringel
    1345 Avenue of the Americas
    New York, NY 10105
    (212) 603-6300

Attorney for the Defendants